# UNITED STATES BANKRUPTCY COURT
## Northern District of California

In re:
ALBERT V. RAMIREZ, SR.
and
MARYLOU RAMIREZ
_____
Debtor(s)

Case No.
Chapter 13 Plan

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $500 each month.

   Initial attorneys fees are requested in the amount of $5,000.  ☐ Debtor(s) elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. Sec. 507(a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

   | Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
   |---|---|---|---|---|
   | Wachovia Mortgage | 400,000 | 3,426 | 25 | 0.00% |
   | Santa Clara County FCU {#21312-80} | 6,500 | n/a | 100 | 5.50% |
   | Citifinancial | 1,000 | n/a | 25 | 6.00% |
   | Santa Clara County Tax Collector | 400,000 | 5,811 | 5 | 10.00% |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. Sec. 507.
   (d) On allowed general unsecured claims as follows:
       X at a rate of zero cents on the dollar. The estimated term of the plan is 52 months. (Percentage Plan)
       _ the sum of $____ payable over ____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in paragraph 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts or leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

   | Name | Monthly Payment | Name | Monthly Payment |
   |---|---|---|---|
   | Wachovia Mortgage | $1631.50 | | |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   _ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   X revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose, pursuant to 11 U.S.C. Sec. 1322(b): The protections of 11 U.S.C. § 362 shall continue to apply to property of the Debtor(s) as well as property of the estate during the pendency of this case. Based upon the valuation of the debtors' residential real property, Creditor Banco Popular North America, holder of a 2nd Deed of Trust on said property which Deed of Trust had been previously assigned to Creditor by Cal State 9 Credit Union, is wholly unsecured, and debtors intend to file a motion avoiding said lien. The Chapter 13 Trustee shall treat any claim filed by Banco Popular North America as a general unsecured claim under the debtors' plan. Debtors shall make no further payments directly to Banco Popular North America.

Dated: 3-24-10

_/s/ Albert V. Ramirez_
Debtor, ALBERT V. RAMIREZ, SR.

_/s/ Marylou Ramirez_
Debtor, MARYLOU RAMIREZ

Rev. 12/06